UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST TERREL COLLIER**                                 **CIVIL ACTION**

**VERSUS**                                                **NO. 08-4264**

**LT. COL. WILLIAM DUNAWAY, ET AL.**                      **SECTION: "J"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Ernest Terrel Collier, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Lt. Col. William Dunaway and Warden Robert C. Tanner. Plaintiff complains that he was denied due process and was wrongly punished in connection with a prison disciplinary proceeding.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

In the complaint, plaintiff alleges that he was placed in administrative segregation on January 26, 2008, after he failed a random drug test. On that same date, he was afforded a disciplinary hearing, at which the chairman of the disciplinary board ordered that the drug test be readministered. However, on February 1, 2008, plaintiff, without having been retested, appeared before a different disciplinary board with defendant Dunaway presiding as the chairman. At that hearing, plaintiff was

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

found guilty and various punishments were imposed, including the forfeiture of one hundred eighty days of "good time" credit.  Plaintiff's disciplinary conviction was initially upheld by defendant Tanner on appeal; however, in a subsequent appeal, the Secretary of the Louisiana Department of Public Safety and Corrections vacated the disciplinary conviction and all punishments and ordered the matter be expunged from plaintiff's disciplinary records.  Plaintiff claims that his right to due process was violated by Dunaway at the second hearing when plaintiff was convicted and harshly sentenced without first being retested as ordered by the prior disciplinary board.  Plaintiff claims that his rights were further violated by Tanner's refusal to overturn the disciplinary conviction in the initial appeal.

Plaintiff's claims are barred by Sandin v. Conner, 515 U.S. 472 (1995).  In Sandin, the United States Supreme Court held:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).  The Supreme Court further held that a prisoner's "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486.  The United States Fifth Circuit Court of Appeals has noted that after Sandin "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the *duration* of confinement, will henceforth qualify for constitutional 'liberty' status." Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (emphasis added).  Stated differently, the Fifth Circuit has observed that the liberty interests protected by the Due Process Clause are "generally limited to state created regulations or statutes which affect the

*quantity of time* rather than the *quality of time* served by a prisoner." Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) (emphasis added).

It is true that the punishments initially imposed here included a forfeiture of "good time" credit, a fact which normally prevents a due process claim from being foreclosed by Sandin. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Bean v. McConnell Unit, C.A. No. C-06, 223, 2006 WL 2346295, at *3 (S.D. Tex. Aug. 11, 2006). However, during the administrative review process, petitioner's disciplinary conviction and all punishments were vacated. Because that order resulted in the restoration of plaintiff's "good time" credit, the *duration* of his confinement was not *ultimately affected* by the disciplinary proceedings and, therefore, Sandin applies and bars plaintiff's claim. See, e.g., Harper v. Goodwin, 162 Fed. App'x 304, 305 (5th Cir. 2006); Theard v. Cain, 185 Fed. App'x 421, 422 (5th Cir. 2006); Espinoza v. Benoit, 108 Fed. App'x 869, 871 (5th Cir. 2004); Petitt v. Doughty, No. 00-40925, 2001 WL 803687 (5th Cir. Jun. 13, 2001); Spellmon v. Price, No. 95-20926, 1996 WL 625422, at *4 n.5 (5th Cir. Oct. 10, 1996); Goldman v. Stalder, Civ. Action No. 05-0466, 2007 WL 1521469, at *2 (W.D. La. May 2, 2007) (Hornsby, M.J.) (adopted by Hicks, J., on May 22, 2007); Bean, 2006 WL 2346295, at *3; Luc v. Louisiana DPS &C, Civ. Action No. 05-4036, 2006 WL 1984634, at *6 (E.D. La. June 15, 2006) (Roby, M.J.), *adopted*, 2006 WL 1985979 (E.D. La. July 7, 2006) (Africk, J.). Although plaintiff was confined in administrative segregation during the disciplinary appeals process, Sandin clearly bars a claim based on that fact because such confinement does not constitute an "atypical, significant deprivation." Sandin, 515 U.S. at 486; see Theard, 185 Fed. App'x at 422; Petitt, 2001 WL 803687; Goldman, 2007 WL 1521469, at *2-3.[2]

---

[2] The Court further notes that, even if Sandin did not preclude plaintiff's claims, they still would be legally frivolous. Plaintiff claims that his rights were violated when, at the second hearing, Dunaway allowed the matter to proceed without plaintiff first being retested. Plaintiff opines that

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of September, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

Dunaway should not have allowed the hearing to proceed because the original drug screening cups were allegedly "expired," thereby arguably rendering the results suspect.  Even if Dunaway's decision in that regard was legally erroneous, *which is an issue this Court does not reach*, it does not follow that plaintiff's constitutional rights were violated.  "Although the Constitution mandates that a prisoner receive due process at a disciplinary proceeding, it does not guarantee error-free decision-making."  Washington v. Franks, No. 95-50563, 1995 WL 696713 (5th Cir. Oct. 17, 1995); see also McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).  Petitioner's claim that Tanner likewise erred in refusing to overturn the disciplinary conviction in the initial appeal is meritless for the same reason.  See also Banks v. Cain, Civ. Action No. 03-310, 2003 WL 23997326, at *2 (M.D. La. Aug. 12, 2003) ("Plaintiff does not have a constitutional right to receive a favorable appeal decision.").